IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:06CR32 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| MARY S. BECERRA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on defendant's motion to dismiss, Filing No. 69. Defendant moves that this court order a dismissal based on double jeopardy grounds and alleged violations of due process that occurred in a previous trial before the Honorable Lawrence L. Piersol. Defendant Mary S. Becerra was indicted on one count of conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine and cocaine. Following a recess during the testimony of defendant, defendant moved for a mistrial alleging the government violated *Brady* by failing to disclose exhibit 11. Judge Piersol granted the mistrial and made findings on the record indicating that while the government violated *Brady* requirements, the government did not do so intentionally. During a pretrial conference held on October 10, 2006, this court denied defendant's request for dismissal based on violations of due process. Accordingly, the remainder of this order will address defendant's double jeopardy concerns.

"The Double Jeopardy Clause of the Fifth Amendment protects a criminal defendant from repeated prosecutions for the same offense." *Oregon v. Kennedy*, 456 U.S. 667, 671 (1982) (footnote omitted); U.S. Const. amend. V. "Retrying a defendant after a mistrial implicates double jeopardy because jeopardy attaches when the first jury is sworn." *United*

*States v. Givens*, 88 F.3d 608, 611 (8th Cir. 1996). However, the double jeopardy doctrine's general prohibition against successive prosecutions is not absolute. *Id.* Rather, when a defendant succeeds in aborting the first trial on his own motion, the double jeopardy clause does not prohibit retrial unless the prosecutor intended to "goad" the defendant into moving for a mistrial. *Kennedy*, 456 U.S. at 676*; United States v. Washington*, 198 F.3d 721, 724 (8th Cir. 1999); *United States v. Ivory*, 29 F.3d 1307, 1310 (8th Cir. 1994). "The requirement of intent is critical, and easily misunderstood. The fact that the government blunders at trial and the blunder precipitates a successful motion for a mistrial does not bar a retrial." *United States v. Oseni*, 996 F.2d 186, 188 (7th Cir. 1993). Whether the prosecutor knows he is acting improperly is irrelevant, provided the prosecutor's aim is to get a conviction. *Id.* "The only relevant intent is intent to terminate the trial, not intent to prevail at this trial by impermissible means." *Id.*; *Kennedy*, 456 U.S. at 675-76. Therefore, "[a]bsent intent to provoke a mistrial, a prosecutor's error in questioning a witness, improper remark in a closing statement, and even extensive misconduct do not prevent reprosecution." *United States v. Beeks*, 266 F.3d 880, 882 (8th Cir. 2001) (per curiam).

"[A] district court's order denying a defendant's motion to dismiss on double jeopardy grounds is a 'final decision' and appealable under 28 U.S.C. § 1291." *United States v. Kress*, 58 F.3d 370, 373 (8th Cir. 1995) (*quoting Abney v. United States*, 431 U.S. 651, 97 S. Ct. 2034, 52 L. Ed. 2d 651 (1977)). Eighth Circuit law provides that a district court's order denying a defendant's motion to dismiss based on a claim of double jeopardy is appealable "only if a colorable claim is made." *Kress*, 58 F.3d at 373 (*quoting United States v. Grabinski*, 674 F.2d 677, 678 (8th Cir. 1982) (en banc) (per curiam)); *Ivory*, 29

2

F.3d at 1310. "A colorable claim requires a showing of previous jeopardy and the threat of repeated jeopardy." *United States v. Abboud*, 273 F.3d 763, 766 (8th Cir. 2001); *Grabinski*, 674 F.2d at 679.

When denying a motion to dismiss based on violation of the double jeopardy clause, a district court is required to make a written finding of whether the motion is frivolous or nonfrivolous. *United States v. Dixon*, 913 F.2d 1305, 1309 (8th Cir. 1990); *Ivory*, 29 F.3d at 1310. If the district court finds the defendant's motion to be frivolous, the filing of a notice of appeal will not divest the district court of jurisdiction, and the Eighth Circuit will then review the appeal on an expedited schedule. *United States v. Curry*, 328 F.3d 970, 972 (8th Cir. 2003); *Grabinski*, 674 F.2d at 679. If a court heard the trial and is familiar with the objective facts and circumstances of the case, an evidentiary hearing to further develop the record concerning the prosecutor's intent is not necessary. *Curry*, 328 F.3d at 974. However, if in the mind of the court there exists a genuine issue about whether the prosecutor had deliberately goaded the defendant into moving for a mistrial, an evidentiary hearing should be held before the second trial. *Id.* (*citing United States v. Wentz*, 800 F.2d 1325, 1328 (4th Cir. 1986)).

In the previous trial, Judge Piersol emphasized the strength of the government's case and noted the trial had been going well for the prosecution when the *Brady* violation that precipitated the mistrial occurred. Judge Piersol's findings remain, arguably, law of the case. This court is critical of the government's attorney, Mr. Sigler, an experienced prosecutor who on cross-examination of Louis Jandreau, proceeded to introduce into evidence exhibit 11, the lease agreement not previously disclosed to the defense. At the pretrial conference on October 10, 2006, and at an evidentiary hearing held on this date,

the court elicited an explanation from Mr. Sigler. The court does not find that Mr. Sigler deliberately tried to undermine the defendant and her lawyer. Further, the court finds that it was not the prosecutors' intent to precipitate a mistrial. Accordingly, this court finds that although the prosecutor's actions in the previous trial were sufficient to provoke a mistrial, they do not rise to the level of preventing reprosecution based on double jeopardy considerations. *See United States v. Beeks*, 266 F.3d 880, 883 (8th Cir. 2001). Where the defendant cannot establish that the *Brady* violation found to have occurred in the previous trial was undertaken with the intent to provoke a mistrial, the court denies defendant's motion to dismiss as frivolous and defendant will proceed to trial.

  IT IS ORDERED that defendant's motion to dismiss is denied.

  DATED this 12th day of October, 2006.

              BY THE COURT:

              s/ Joseph F. Bataillon
              Chief United States District Judge