IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 8:06CR32 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MARY S. BECERRA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant Mary Becerra's motion in limine #1, Filing No. 109. The government did not file a brief in opposition. The defendant is charged in Count I of the indictment with conspiracy to distribute a mixture or substance containing a detectable amount of methamphetamine and a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 846. Defendant argues that in her previous trial in this case, see Filing No. 51 (trial beginning September 26, 2006, before the Honorable Lawrence L. Piersol that ended in a mistrial), statements were made that alleged co-conspirator Eloy Busto-Soto asked defendant to arrange and hire a lawyer for him. Defendant contends that this evidence is legally insufficient or incompetent to establish defendant's culpability as a conspirator. Defendant further argues the government is not required to prove an overt act under 21 U.S.C. § 846, and such evidence does not represent an act that could affect the object of the conspiracy.

According to defendant, such evidence is prejudicial, and any probative value is diminished by the risk of unfair prejudice, confusion of the issues, and potential to mislead the jury. Defendant maintains the introduction of such evidence for any purpose other than establishing defendant's knowledge of Eloy Busto-Soto is violative of defendant's Fifth Amendment Due Process rights. Therefore, defendant requests that pursuant to Fed. R.

Evid. 104(a), this court finds inadmissible any evidence suggesting defendant's role in arranging a lawyer for Busto-Soto constitutes an act related to the alleged conspiracy.

Proof of an overt act is not a required element of a drug conspiracy under 21 U.S.C. § 846.  *United States v. Covos*, 872 F.2d 805, 810 (8th Cir. 1989); *United States v. Morales*, 445 F.3d 1081, 1084 (8th Cir. 2006).  The government has previously stated that obtaining a lawyer evidences an intent to "keep the conspiracy humming along."  Filing No. 111, Transcript of pretrial motions proceedings before Judge Bataillon held on October 10, 2006, 535:11-16.  The court agreed with the government on this issue.  *Id.*, 538:3-5.  While recommending or contacting a lawyer may not constitute an overt act of a conspiracy, the court does not find that such evidence is irrelevant or highly prejudicial to the defendant.  Neither does the court find that admission of such evidence would confuse the issues or mislead the jury.  ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.).  Accordingly, the court finds that defendant's contention with the proposed evidence is more appropriately the subject of evidentiary objections to be dealt with at trial.

THEREFORE, it is ordered defendant's motion in limine, Filing No. 109, is denied without prejudice to reassertion at trial.

DATED this 8th day of December, 2006.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge